**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANDREW WALKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-447-HEA |
| | ) |
| BEST BUY, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Andrew Walker, Jr. for leave to proceed in this action without prepaying fees or costs. The Court has reviewed the motion, and has determined to grant it. Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice, and will deny as moot plaintiff's motion seeking the appointment of counsel, and Best Buy, Inc.'s Motion for More Definite Statement and Motion to Dismiss.

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that, *inter alia*, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). This Court liberally construes complaints filed by laypeople, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004), nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a frequent *pro se* and *in forma pauperis* litigant. He filed the instant complaint against Best Buy, Inc. He invokes this Court's jurisdiction on the basis of diversity of citizenship. He identifies himself as a Missouri citizen, he identifies the defendant as a California citizen, and he seeks damages in the amount of $1 million. On the Civil Cover Sheet filed with the complaint, plaintiff identifies the cause of action as "Defamation." (ECF No. 1-1).

In setting forth his statement of claim, plaintiff writes:

1. On or about April 9, 2022 Defendant's agent statated to Plaintiff the he was try to commit a Fraud by exchanging old product for money from defendant.

2. On or about 4/9/2022 Defendant's agent lied to Plaintiff in order to Stop his money tranacton

> 3. On or about 4/9/2022 Defendants owed Plaintiff a duty not to injure Plaintiff Defendant breached that duty by this acts that proximately cause Plaintiff emotional Distress
>
> Plaintiff seeks damages for Plaintiff's medical bills and expense caused Defendants
>
> Also see acctache sheet.
>
> Plaintiff seek punitive and exemplary damages because of Defendants agegous

(ECF No. 1 at 4-5).[1]  The complaint includes a typewritten section titled "Damages For Plaintiff." *Id.* at 6-7.  This section contains no factual allegations. Instead, it contains statements such as:

> A. reasonable medical care and expenses in the past period these expenses were acquired by plaintiff for the necessary care and treatment of the injuries resulting from the incident.
>
> B. reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future,
>
> C. physical pain and suffering in the past;
>
> . . .
>
> F. mental angry which end reasonable probability, will be suffered in the future;
>
> G. physical impairment in the past;
>
> . . .
>
> J. loss of earning capacity which, in reasonable probability, will be incurred in the future; and
>
> K. Exemplary damages,

*Id* at 6.[2]

---

[1,2] The text is quoted without correction of spelling and grammatical errors.

3

Before this Court conducted initial review of the complaint, Best Buy, Inc. filed a Motion for More Definite Statement and a Motion to Dismiss. (ECF Nos. 6 and 7/filed May 8, 2022). In the Motion to Dismiss, Best Buy, Inc. notes that plaintiff fails to identify the location of the alleged wrongdoing, and advises that its store locations are operated by a separate legal entity. Best Buy, Inc. further contends that Missouri law imposes no duty to accept merchandise returns, and writes: "Plaintiff's Complaint lacks information sufficient to determine the nature of the factual predicate." (ECF No. 7 at 2).

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it contains no facts that would state a plausible claim for relief against Best Buy, Inc. While plaintiff attempts to characterize this case as an action for defamation, he alleges no facts that would plausibly establish the elements of a defamation action under Missouri law. *See Overcast v. Billings Mut. Ins.,* 11 S.W.3d 62, 70 (Mo. 2000) (noting the elements of such an action). Additionally, the complaint contains no facts that can be construed to plausibly establish any other cause of action against Best Buy, Inc. under Missouri law, or under federal law as would be required to establish jurisdiction under 28 U.S.C. § 1331. Plaintiff pleads no facts permitting the inference that Best Buy, Inc. breached a duty or committed any wrongdoing at all, and he makes no attempt to allege facts regarding the physical, psychological, and economic injuries for which he seeks to hold Best Buy, Inc. responsible. While this Court must liberally construe *pro se* filings, this Court may not construct a legal theory for plaintiff or assume facts he has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

The Court concludes that the complaint fails to state a claim upon which relief may be granted, and will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will also deny as moot plaintiff's motion to appoint counsel, and Best Buy, Inc.'s Motion for More Definite Statement and Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Best Buy, Inc.'s Motion for More Definite Statement (ECF No. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Best Buy, Inc.'s Motion to Dismiss (ECF No. 7) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of  June, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE